# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 21-mc-00143-RM

DANAHER CORPORATION,

    Plaintiff,

v.

LEAN FOCUS, LLC, and DAMON BAKER,

    Defendants.

---

## ORDER TO TRANSFER
---

This matter is before the Court on Defendants' Motion to Compel Compliance with Document Subpoena to Loren Hutchins ("Motion") (ECF No. 1), filed pursuant to Fed. R. Civ. P. 37 and 45. The Motion relates to an underlying action which is pending in the Western District of Wisconsin (the "Wisconsin Action"). Mr. Hutchins, Plaintiff's alleged consulting expert, however, resides in the District of Colorado. Thus, the Motion, which was previously filed in the Wisconsin Action, was denied by the Wisconsin Court without prejudice. *See Danaher v. Lean Focus, LLC*, No. 19-cv-00750-wmc (W.D. Wis.) at ECF No. 278.

The Wisconsin Court, however, has invited this Court to transfer this Motion back to the Western District of Wisconsin. Defendants also request this Court to do so, but this request is apparently opposed. Nonetheless, after reviewing the Motion, and taking judicial notice of the Wisconsin Action, this Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d). After reviewing all the relevant matters, and the applicable law, the

Court agrees that exceptional circumstances warrant the transfer of this case to the Wisconsin Court.

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [subpoena-related] motion...to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The advisory committee's note to the 2013 amendment to Rule 45(f) provides:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, *transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation,* as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. *Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions.*

(Italics added.) After careful consideration, the Court finds exceptional circumstances here.

Several factors support this finding. First, the record clearly shows the Wisconsin Court has extensive knowledge and familiarity with this case and the parties' many discovery disputes. *See* Wisconsin Action at ECF No. 173. Second, the transfer of the Motion for resolution by the Wisconsin Court would avoid disrupting its extensive management of the Wisconsin Action which has been pending since 2019. Third, the Wisconsin Court "is well positioned to consider and decide this Motion"[1] and has invited

---
[1] Wisconsin Action at ECF No. 278, p. 1.

this Court to transfer this case. Finally, Mr. Hutchins is Plaintiff's consultant, and represented by Plaintiff's counsel. Accordingly, the Court finds the interests in having the Wisconsin Court hear the Motion outweigh the interests of the consultant served with the subpoena in obtaining local resolution of the Motion. It is therefore **ORDERED**

(1) That Defendants' request, contained in the Motion, for this Court to transfer this case to the Western District of Wisconsin for consideration of the Motion in conjunction with the underlying case of *Danaher v. Lean Focus, LLC*, No. 19-cv-00750-wmc (W.D. Wis.) is GRANTED; and

(2) That, pursuant to Fed. R. Civ. P. 45(f), the Clerk of the Court is directed to transfer this action to the Western District of Wisconsin for consideration of the Motion in conjunction with the underlying case of *Danaher v. Lean Focus, LLC*, No. 19-cv-00750-wmc (W.D. Wis.).

DATED this 1st day of July, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge